## DAIGNEAU v. GRAND TRUNK RY. CO.

(Circuit Court, D. Massachusetts. May 8, 1906.)

### No. 72.

**1. DAMAGES—PERSONAL INJURY—FUTURE CONSEQUENCES OF INJURY.**

In an action for a personal injury, the plaintiff is entitled to recover damages for future consequences of the injury only with respect to such consequences as the evidence shows are reasonably certain to ensue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 69, 70.]

**2. COURTS—FEDERAL COURTS—NEW TRIAL—CONDITIONS ON GRANTING NEW TRIAL—REDUCTION OF EXCESS OF RECOVERY.**

Where a verdict awarding damages for a personal injury returned in a federal court is excessive, the court has power in its discretion to require a remittitur of a stated sum as a condition to the overruling of a motion for a new trial.

At Law.   On motion for new trial.

Wm. D. Chapple and Charles W. Bartlett, for complainant.
Coolidge & Hight, for defendant.

BROWN, District Judge.   I am of the opinion that the jury in arriving at a verdict of $6,500 in this case must have made a very much larger allowance for prospective damages than is warranted by the proof.   According to the strong preponderance of evidence, the plaintiff, within a comparatively short time, will recover entirely from the wrenching and bruising of his back, and will recover in a very great degree from his nervous condition upon the termination of this litigation.

The plaintiff is entitled to recover for such future consequences of the injury inflicted as the proofs showed are reasonably certain to ensue.   Kennon v. Gilmer, 131 U. S. 22, 26, 9 Sup. Ct. 696, 33 L. Ed. 110; Thompson on Negligence, 7205.   The plaintiff has the burden of proof.   Evidence which leaves the matter entirely in doubt, or establishes a mere possibility of future damages, does not satisfy the rule which requires proof that future consequences are reasonably certain to ensue.

When the verdict was returned, it struck me as excessive, and a careful consideration of the case confirms this opinion.   I have hesitated whether to grant a new trial unconditionally, or only in the event that the plaintiff shall not file a remittitur.   While there is force in the objection that the court cannot order a remittitur without itself passing upon the question of damages, the practice is so well established and so convenient that I shall adopt it.   Arkansas Cattle Co. v. Mann, 130 U. S. 69, 9 Sup. Ct. 458, 32 L. Ed. 854; Northern Pacific R. R. Co. v. Herbert, 116 U. S. 642, 646, 6 Sup. Ct. 590, 29 L. Ed. 755; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746.

A new trial will be granted on the question of damages, unless, within 14 days, the plaintiff shall remit the sum of $2,000, and consent to judgment for the plaintiff for $4,500 and costs.